Argued September 12, affirmed October 19, 1966

# HAY *v.* ERWIN, VAN VLEET
### 419 P. 2d 32

*Eugene E. Feltz,* Portland, argued the cause for appellant. With him on the brief were Casey, Palmer & Feltz, Portland.

*William McGeorge,* Portland, argued the cause for respondent and cross-appellant. With him on the brief were McGeorge & McLeod, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

DENECKE, J.

The defendant Erwin, an attorney, represented defendant Mrs. Van Vleet in a divorce proceeding. The husband Van Vleet was known to be a man of wealth. After divorce proceedings had been commenced, defendants entered into two fee agreements. A property settlement was reached and approved in a decree of divorce. The husband paid moneys into court pursuant to the property settlement and decree. The defendant attorney asserted an attorney's lien against these funds and the wife claimed the moneys as due under the settlement and decree. The plaintiff, the county clerk, filed a declaratory judgment proceeding requesting the court to direct to whom she should pay the funds.

The trial court held that the two fee agreements were all part of one contingent fee arrangement and void as against public policy and awarded the attorney a fee of $30,000 as the reasonable value of his services.

The wife appeals, contending that the attorney is entitled to no fee because the illegality of the contingent fee arrangement permeated the attorney-client relationship so as to preclude the attorney from receiving a fee. The wife also asserts that $30,000 was more than the reasonable value of her attorney's services.

The attorney cross-appealed asserting that under the circumstances the agreement for a contingent fee was not against public policy, that the final agreement for fees was not a contingent fee arrangement, and that the reasonable value of his services was in excess of $30,000.

The defendant attorney argues that the contingent fee contract was legal. He contends that the public-policy reasons making contingent fee contracts in divorce matters illegal are not here present, i.e., the contract was not entered into until a year and three months after the divorce suit was filed and the contract was not "promotive of divorce or discouraging to reconciliation."

■ We join the vast majority of the courts and hold that contingent fee contracts in divorce proceedings are invalid. *Jordan v. Westerman,* 62 Mich 170, 28 NW 826 (1886); *In re Smith,* 42 Wash2d 188, 254 P2d 464 (1953); cases collected at note 15, 7 Am Jur 2d 173, Attorneys at Law § 217.

Contingent fees are not a desirable means of paying for professional services because such arrangements tend to deteriorate professional objectivity for the reason that they inject a direct personal financial interest in the litigation. "* * * [C]ontingent fees are sanctioned in proper cases in order to enable clients to secure a competent lawyer, where otherwise they would not, in all probability, be able to do so."

Drinker, Legal Ethics, 176, n 6 (1953). A contingent fee is not necessary to secure a competent lawyer in a divorce proceeding. ORS 107.090(1)(a). ORS 107.100 provides for the payment of fees pendente lite and upon decree. *Newman v. Freitas,* 129 Cal 283, 61 P 907, 910 (1900), stresses the lack of any necessity for contingent fee contracts in divorce proceedings.

Mr. Erwin contends that there was no contingent fee contract, that it was at most an offer by his client to pay him on a contingent basis, and that even if the first arrangement was a contingent fee contract, such contract was superseded by a fee agreement not contingent upon the amount of property received by his client.

█ The second agreement indicates the attorney's belief that he had a binding contingent fee contract with his client. The second agreement is confusing, but we agree with the finding of the trial court that the second agreement was merely supplemental to the initial contingent fee agreement and must fall with it.

The second agreement was entered into after the property settlement was agreed upon. It was prepared by Mr. Erwin. It provided:

"In consideration of your receiving payments due to me under that certain judgment entered in the case of Van Vleet vs. Van Vleet, Case No. 281 273 of the files and records of the Circuit Court of the State of Oregon for the County of Clatsop and making distribution thereof and in consideration of the postponement of payment of approximately $8,000 in fees which would have been otherwise due according to a contingent agreement for payment of fees executed between the undersigned and Warde H. Erwin in connection with the above entitled case,

"I AGREE that payment shall be made as follows:

## "I

"Out of the first payments which have been received, I am to receive the sum of $50,000. * * *

[Paragraphs II and III provide for payment of certain amounts from certain of the payments to be made by husband.]

"* * * * *

## "IV

"It is understood that the balance of fees which would otherwise be due shall not be paid at this time but may be paid at the discretion of the undersigned at any time during her lifetime without interest.

"In the event the undersigned fails to pay said sum during her lifetime, she agrees that she will make a will in which Warde H. Erwin shall be named a beneficiary to the extent of the difference between the sum of $50,000 and the contingent fee agreed upon in the aforesaid agreement. (Estimated $8,241)."

Despite Mr. Erwin's entering into an illegal agreement for fees, we are of the opinion that he ought to receive a reasonable fee for his services. There are decisions from other jurisdictions to the contrary. For example, in *Baskerville v. Baskerville,* 246 Minn 496, 513, 75 NW2d 762 (1956), in which a contingent fee contract was held invalid, the court concluded, "* * * the taint of illegality permeates the entire lawyer-client relationship in a divorce action so that every objection to permitting a recovery on the express agreement applies with equal force to an attempted recovery in quantum meruit * * *." Accord, *McCarthy v. Santangelo,* 137 Conn 410, 78 A2d 240 (1951).

■ The trial court stated that, despite the inducement to the contrary because of the contingent fee contract, Mr. Erwin's representation of Mrs. Van Vleet had not been such as to disqualify him from recovering a fee for his services. The testimony on the issue of whether the attorney's representation was influenced by his contingent fee agreement is conflicting and, therefore, we lean heavily upon the trial court's conclusion that it was not and we therefore find that Mr. Erwin faithfully represented his client. For this reason we approve his receiving a reasonable fee. A majority of the decisions so hold. See cases collected at 100 ALR2d 1378, 1387 (1965).

■ In *In re Faling Estate,* 113 Or 6, 34, 228 P 821, 231 P 148 (1924), a contingent fee contract was entered into by attorneys engaged to uphold a will. The court did not pass upon the validity of the contract, but held it was not binding upon the corpus of the estate. Apparently, the court regarded a contingent fee contract as akin to champerty. Nevertheless, it stated: "It is a general rule that where a contract made between an attorney and client for the prosecution of an action is champertous, the attorney may recover from the client on the point of *quantum meruit* for services rendered in the same manner as if the unlawful agreement had never existed: * * *."

■ We find the fee set by the trial court as the reasonable value of the attorney's services to be correct. There was expert testimony that such a fee was reasonable and the testimony and exhibits, largely Mr. Erwin's files, substantiate such a finding.

Affirmed.