Argued May 5, accused reprimanded July 15, 1971

IN RE COMPLAINT AS TO THE CONDUCT OF
# A. WHITING PEDERSEN, ACCUSED, and
## COMPLAINT AS TO THE CONDUCT OF
# HARRY G. SPENCER, ACCUSED.
### 486 P2d 1283

*John D. Ryan,* Portland, argued the cause for both accuseds. With him on the briefs for accused Pedersen were Ryan & Kennedy, Portland. Harry G. Spencer, Burns, filed briefs pro se.

*William F. Schulte, Jr.,* Portland, argued the cause for the Oregon State Bar. With him on the brief was Marvin S. Nepom, Portland.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

PER CURIAM.

These are disciplinary proceedings brought by the Oregon State Bar against the accuseds, A. Whiting Pedersen and Harry G. Spencer. The two proceedings were consolidated for trial before the trial committee and in the argument before this court.

The accused Spencer practices in Burns, Oregon; the accused Pedersen practices in Portland. They have associated one another on various occasions. The disciplinary action herein arose out of their joint representation of the defendant, Hugh Casey, in a divorce suit filed by Casey's wife, Kitty.

The Caseys were married in 1965. At the time of their marriage, Kitty Casey was the beneficiary of a trust of the value of $1,000,000 to $1,750,000. Hugh Casey had no assets.

During the marriage Hugh Casey, with the assistance of a Mrs. Timmerman, assumed the management of Mrs. Casey's financial affairs. There was testimony that as a result of bad investments in the stock market, Mrs. Casey lost between $500,000 and $1,000,000.

In 1967, while the Caseys were living near Burns, Mrs. Casey filed assault and battery charges against her husband. Spencer represented Hugh Casey in connection with these charges. In December, 1967, Mrs. Casey filed a divorce suit in Multnomah county. Spen-

cer again represented Hugh Casey and secured Pedersen to assist him.

Because of the mismanagement and the losses to Mrs. Casey, her attorneys advised the accuseds that they were not interested in discussing a property settlement with Mr. Casey. Later they offered $3,000 to $4,000 in settlement, but this offer was rejected by Mr. Casey.

The accuseds entered into a contingent fee agreement with their client wherein Casey obligated himself to pay attorney fees based on certain percentages of "all monies or property received" by Casey from the divorce suit. Subsequently, the divorce suit was settled and Hugh Casey received a Volkswagen automobile; an undivided one-half interest in a ranch at Rainier, Oregon, called the "Rainier property," with the other one-half interest in trust for the Caseys' daughter; and $35,000 in cash. The Rainier property was valued by Casey and Pedersen at $50,000 and was subject to a mortgage of $15,000 which Casey agreed to pay.

The $35,000 was paid by a check made out jointly to Casey and Pedersen. Pedersen received the check and deposited $18,000 to his account and $17,000 to Casey's account. The $18,000 represented Pedersen's computation of the total amount of the contingency fee at the rate of 33 per cent plus $500 which Pedersen had previously advanced to Casey. Pedersen testified that he was told to deposit the check by Casey and that he also did so by authority of a power of attorney executed by Casey. Casey contended that he did not give such authority to Pedersen, and that he and Pedersen had not agreed that the entire attorney fee would be paid from the cash award. Casey also contended it was agreed that Pedersen and Spencer

would take their portion of the contingent fee in Casey's interest in the Rainier property by means of a second mortgage on the Rainier property and not take the entire fee from the cash award of $35,000 paid Casey in the settlement of the divorce suit.

Casey contended that when he objected to Pedersen's method of payment of the attorney fees, Pedersen refused to talk to him.

Mrs. Timmerman, Casey's financial adviser, wrote a letter to the Oregon State Bar on behalf of Casey, complaining about the accuseds' handling of the divorce suit and the attorney fees.

The Bar charged Pedersen and Spencer with seven violations of conduct:

> (1) Making a contingent fee contract with a client in a divorce suit;
>
> (2) Negotiating the check for $35,000 without the client's approval;
>
> (3) Computing the contingent fee improperly in relation to Casey's interest in the Rainier property;
>
> (4) Improperly valuing the Rainier property at $50,000;
>
> (5) Taking cash instead of a security interest for that portion of the fee based on Casey's interest in the Rainier property;
>
> (6) Refusing to discuss the amount of the attorney fees with Casey and ordering Casey out of Pedersen's office.[1]

The seventh charge is an accumulation of all the previous charges.

The trial committee found the accuseds guilty of all charges except the fourth charge. The committee

---

[1] The Bar charged Spencer with ratifying the acts of Pedersen in connection with the charge.

recommended suspension for six months for both Spencer and Pedersen.

The Board of Governors found the accuseds guilty of all charges except Nos. 2, 4 and 6, and a majority of the Board recommended that the accuseds be suspended from the practice of law for a period of six months.

We agree with the findings of the Board of Governors that the accuseds are not guilty of charges Nos. 2, 4 and 6.

1. We agree that the accuseds acted improperly in entering into a contingent fee contract with their client. We held in *Hay v. Erwin*, 244 Or 488, 419 P2d 32 (1966), that contingent fee contracts in divorce proceedings are invalid.[2] However, in this case the record shows that Spencer and Pedersen were not aware of the proscription against such agreements. The Bar agrees that the accuseds did not enter into the contingent fee agreement knowing of the ethical prohibitions. Neither does the Bar contend that the attorney fee was unreasonable. On the contrary, the Bar admitted that the accuseds' representation of Casey was efficient and very successful.

We also agree that the accuseds improperly computed their contingent fee based on Casey's interest in the Rainier property.

2. The contingent fee agreement provided for a fee of 33 per cent after suit but before trial. The value of the Rainier property by agreement of the parties was set at $50,000. Casey received a one-half interest which was subject to a mortgage of $15,612. Pedersen com-

---

[2] However, we also held in that case that the attorney faithfully represented his client and was entitled to a reasonable attorney fee.

puted the attorney fees by deducting the mortgage from the *total* valuation of the property, and then took a one-third attorney fee on one-half of the remainder. He should have computed the fee by deducting the mortgage from $25,000, the value of Casey's one-half interest in the property, and applying the one-third contingency fee to the remainder. The difference amounted to approximately $2,500. We agree with the Bar that the fee should have been computed by using the latter method, but we do not believe that the evidence justifies a conclusion that the computation was made in bad faith.

We also agree with the decision of the Board of Governors that the accuseds violated an agreement that they would take their portion of the contingent fee in Casey's interest in the Rainier property by means of a second mortgage on the Rainier property and not take the entire fee from the cash award of $35,000 paid Casey in the settlement. Pedersen testified that he and Casey had discussed the possibility of taking a security interest in the Rainier property in lieu of cash. However, at that time Casey indicated he intended to live on the property and make substantial improvements. Later Casey changed his mind and stated that he intended to move to Arizona. Pedersen was not interested in a second mortgage when he found out that Casey planned to leave the state. We believe that the accuseds acted without the consent of their client when they withheld the total contingent fee from the cash award.

3. We do not believe that the accuseds' miscalculation of the fees and the withholding of the entire fee from the cash award indicate any intentional wrongdoing or bad faith on the part of the accuseds. While

the contingent fee contract in a divorce suit is proscribed by the opinion of this court in *Hay v. Erwin, supra,* the Bar does not question the reasonableness of the fee nor the success of the representation given Casey by the accuseds in the divorce suit.

For these reasons we conclude that a public reprimand is the appropriate discipline, and this opinion shall serve as such reprimand.