Submitted March 8, accused reprimanded April 4, 1972

IN RE COMPLAINT AS TO THE CONDUCT OF
RICHARD W. HILL, *Accused.*

495 P2d 261

PER CURIAM.

The Oregon State Bar charged the accused attorney with unethical conduct and with violating the standards of professional conduct. A trial committee

of three attorneys unanimously found the accused guilty by reason of having entered into a contingent fee contract with a wife to represent her in a divorce proceeding and charging an unconscionable fee for such representation. The Board of Governors of the State Bar unanimously made the same finding and recommended that this court discipline the accused.

■ In *Hay v. Erwin*, 244 Or 488, 490, 419 P2d 32 (1966), we held a contingent fee contract in a divorce proceeding was invalid. We reprimanded attorneys for entering into such a contract in *In re Pedersen and Spencer*, 259 Or 429, 486 P2d 1283 (1971). The accused testified he did not know of such proscription. Sufficient time had elapsed since our initial decision so that no attorney should have been ignorant of such a rule. The accused's contention that he entered into a contingent fee contract only to secure a favorable property settlement agreement for his client and not to procure a divorce makes us doubt either the accused's competency or his sincerity.

■ According to the values fixed by the appraisers retained by the accused, the property the wife was to receive pursuant to the settlement agreement was worth about $50,000. The net value of the property to be received by the husband is uncertain, but appears to be somewhat less than that received by the wife. Using these same values, the fee the accused charged his client was $12,500.

The wife first saw the accused in May and a divorce complaint was immediately filed. The husband answered, seeking a divorce. The property settlement was worked out in December, apparently largely in an all-afternoon meeting between the parties and their

attorneys. The next day a default divorce decree was taken.

The accused kept no time records. He estimated he spent between 200 and 300 hours on the case, largely because of telephone calls from the wife, many of which were to his home. We are aware that in domestic matters an attorney frequently spends substantial time listening to the woes of his client. Nevertheless, we are forced to conclude either that the accused grossly overestimated his time spent or he was grossly inefficient in the use of his time. On the basis of the time that reasonably should have been necessary to handle this matter competently, as well as compassionately, and the results secured, we concur that the fee which the accused charged was unconscionable.[1]

■ The trial committee and the Board of Governors recommended a public reprimand as the appropriate discipline for the accused. We find that proper and this opinion will serve as such reprimand. The accused's conduct is of the kind that causes the public to avoid seeking legal services.

---

[1] This is not a proceeding to secure redress for a client who has been overcharged. The wife, represented by another attorney, settled the accused's claim for fees and paid a much smaller amount than that originally claimed by the accused.