WILLIAM COHN ET AL. *v.* MT. ZION BAPTIST CHURCH ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 4—decided July 22, 1943.

 

 

*Freeman Light,* for the appellant (named defendant).

*William Cohn,* pro se, the appellee (named plaintiff).

*Sidney Vogel,* with whom was *Margaret R. Sigsway,* pro se, the appellees (plaintiffs).

JENNINGS, J. The plaintiffs sought to foreclose three mortgages on property of the defendant church. Richard B. Harris was also a defendant but was defaulted. The church filed what amounted to a general denial and also filed a special defense alleging lack of authority in the signers to bind the defendant, that the transaction was out of the course of regular business and that no consideration moved to it. In reply the plaintiffs pleaded estoppel and ratification. Judgment was for the plaintiffs.

The finding is not attacked. The church, a Connecticut ecclesiastical corporation, owned a building in Norwalk which was used for church services. Its small membership was divided into two factions, one headed by Rose Norwood and the other by the Reverend R. B. Harris. The strife between these factions culminated in the bringing of an action for the appointment of a receiver in November, 1936. Rose Norwood and some of her associates were plaintiffs

and the action was brought by Sidney Vogel and Margaret Sigsway, their attorneys. On April 22, 1937, the Reverend James N. Zeigler was appointed permanent receiver. No counsel was formally appointed for him but counsel for the plaintiffs and defendants acted for him since all parties were interested in the preservation of the church.

It appears from the receivership file that the receiver filed a "final" report dated December 8, 1938, stating his account, showing cash on hand of $165.27 and approved claims of $159.71. It also stated "That the undersigned Receiver is willing to refrain from claiming any fee for such services in view of the financial situation as above set forth. Said Receiver is further authorized to say that his attorney makes no claim for advice and assistance given the Receiver." On June 18, 1939, Cohn, a plaintiff, was requested to act as counsel for the church by Harris, defending the receivership action, and he entered his appearance June 28, 1939. On June 26, 1939, the receiver filed his supplemental account, showing a balance of $4.02. On June 30, 1939, this was accepted and the balance allowed the receiver as expenses; a petition for allowance to the receiver, a motion for dissolution of the church and one for the sale of the real estate were denied and it was further ordered that "when the Receiver has filed his report he may be discharged." On July 7, 1939, the receiver filed another "final" account and prayed for his discharge. In this report he stated, "There are no debts chargeable to him as Receiver and to the best of his knowledge, no debts against the Church corporation." This report was sworn to before Sidney Vogel, a plaintiff.

No formal discharge was entered and on January 10, 1940, the original plaintiffs, acting by Vogel and Sigsway, filed a motion for the sale of the real estate.

On April 16, 1940, Cohn filed a motion for the termination of the receivership. On June 20, 1940, a church meeting was held (found illegal) at which Cohn, a plaintiff, was present. He there stated that it was necessary to give notes and mortgages for $400, $300, and $121.68 to himself, Vogel and Sigsway, and the receiver respectively, as there were no funds in the hands of the receiver to pay fees and disbursements, and that unless the notes and mortgages were given the attorneys Vogel and Sigsway intended to file a motion in the receivership proceedings to sell the church property. He also said that there was no other way to save the property. The meeting voted to give the notes and mortgages.

On June 26, 1940, the original plaintiffs, by Vogel and Sigsway, moved that the report of the receiver be accepted, the receiver discharged and the receivership terminated. The order prayed for was entered June 27, 1940. No motion for or allowance of attorneys' fees was ever made in the receivership action.

On July 8, 1940, the Reverend R. B. Harris, the former pastor, Carrie Harris and Rose Norwood met in the office of Vogel and Sigsway and executed the mortgages and notes in suit as trustees of the church, except that Rose Norwood did not execute the Cohn mortgage and note although she was present and had knowledge thereof. These instruments were executed to secure fees and disbursements of the mortgagees in connection with the receivership litigation, and no question was raised but that the amounts were reasonable. The Zeigler mortgage has been assigned to Vogel and Sigsway.

Upon these facts an essential element in the conclusions of the trial court was that the return of the church property to the church was due to the combined efforts and services of the plaintiffs and was a

sufficient consideration for the mortgages .and notes. The first assignment of error attacks this conclusion as not supported by the subordinate facts.

The section of the finding which is intended to sum up this phase of the case reads as follows: "The termination of the receivership litigation and the return of the Church property to the Church was a benefit which the Church received as a result of the plaintiffs in the receivership desisting from filing their motion for a sale of the premises when the meeting of June 20, 1940 voted to give the notes and mortgages to the plaintiffs." The plaintiffs in the receivership action were Rose Norwood et al., and both the finding and file show that far from "desisting from filing their motion for a sale of the premises" they had in fact filed it. Neither in this paragraph nor elsewhere in the finding are facts stated showing what the plaintiffs in the present action did to bring about the termination of the receivership. The most that can be said for Cohn is that he threatened the church with the loss of its property if the notes and mortgages were not given. As for Zeigler, he first waived his fees and when, later, he moved for an allowance, the motion was denied. He had asked for his discharge a year before this matter came up and had no part in it. Vogel and Sigsway moved the termination of the receivership but they did so, according to the finding, as attorneys for the plaintiffs in that action, and it nowhere appears that they were personally concerned therein.

It was stated in argument that the true picture is not presented here because so many of the transactions took place in chambers and by means of informal conferences. This may well be true but the case must be decided on the record. For the reasons stated, the essential conclusion discussed is not supported by the

subordinate facts. It is unnecessary to discuss the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.