LEON McCARTHY v. CARRIE SANTANGELO

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 14, 1950—decided January 9, 1951

*William L. Hadden,* with whom were *James O. Shea* and, on the brief, *Clarence A. Hadden,* for the appellant (defendant).

*William B. Fitzgerald,* for the appellee (plaintiff).

O'SULLIVAN, J. This action was brought to recover the reasonable value of legal services. The facts are not in dispute.

The plaintiff is an attorney at law. On March 15, 1946, he was engaged by the defendant to institute a divorce action on her behalf and to take steps to safeguard the financial interests of herself and her children. It was agreed that his compensation would be one-third of any alimony which the court might award. The plaintiff first attempted, by conferring with the defendant's husband, to effect a reconciliation. The effort was unsuccessful. It was not until August 26 that the plaintiff brought the divorce action. Just prior to that time, the defendant had authorized him to obtain associate counsel. On January 10, 1947, she terminated the employment of both attorneys. She has already paid the plaintiff $1500. During the period of their employment, the attorneys performed for her various legal services not directly concerned with the divorce action. The reasonable value of all services rendered was $3250, and cash expenditures made by the plaintiff and his associate were $539.54. The court rendered judgment for the plaintiff to recover the amount of the expenditures plus the unpaid balance of the reasonable value of the services, with interest from the date of demand. The defendant has

appealed. In our discussion of the case, we call attention to the fact that the rights and obligations of the parties are determined in the light of the facts which the court expressly found, and we do not resort to other facts, extraneous to the record, which the plaintiff, in a motion for reargument, has asked us to accept.

The plaintiff concedes, as indeed he must, that his agreement to accept one-third of an award of alimony as compensation for his services was void as against public policy. The state does not favor divorces. *Dennis* v. *Dennis*, 68 Conn. 186, 197, 36 A. 34. Its policy is to maintain the family relation as a life status. *Swist* v. *Swist*, 107 Conn. 484, 489, 140 A. 820; *Morehouse* v. *Morehouse*, 70 Conn. 420, 426, 39 A. 516. The vice of an agreement like that into which the plaintiff entered lies in the strong inducement which it offers to an attorney to ignore the possibility of reconciliation and to press, for personal gain, the dissolution of a marriage which patience and effort might salvage. Such agreements may thus thwart public policy. They are illegal and void by a unanimity of authority. *McConnell* v. *McConnell*, 98 Ark. 193, 198, 136 S. W. 931; *Newman* v. *Freitas*, 129 Cal. 283, 289, 61 P. 907; *Barngrover* v. *Pettigrew*, 128 Iowa 533, 535, 104 N. W. 904; *Dannenberg* v. *Dannenberg*, 151 Kan. 600, 603, 100 P. 2d 667; *Jordan* v. *Westerman*, 62 Mich. 170, 180, 28 N. W. 826; *Klampe* v. *Klampe*, 137 Minn. 227, 231, 163 N. W. 295; *Van Vleck* v. *Van Vleck*, 21 App. Div. 272, 274, 47 N. Y. S. 470; *Opperud* v. *Bussey*, 172 Okla. 625, 630, 46 P. 2d 319; note, 30 A. L. R. 188, 191.

Although recognizing the invalidity of the express agreement for compensation, the court rendered judgment for the plaintiff to recover on quantum meruit. There is a well-recognized distinction between a case where an agreement with an attorney is illegal because the services he undertakes to perform are unlawful and

one where, though the services are lawful, the method of compensating the attorney is illegal. It is the plaintiff's claim that his agreement with the defendant falls within the latter category.

The court relied on *McKnight* v. *Gizze*, 119 Conn. 251, 175 A. 676. In that case we held that an attorney who procured from an ignorant and frightened client, indicted for murder, a mortgage to insure the payment of his fee—a mortgage which was thereafter judicially declared invalid — could recover on quantum meruit for the reasonable value of his services. The opinion (p. 256) quoted with approval an excerpt from *Baca* v. *Padilla*, 26 N. M. 223, 230, 190 P. 730: "When the illegality, either in whole or in part, is in the thing which the party seeking to recover was to do, then there can be no recovery on quantum meruit. But where the illegality was not in what the plaintiff was to do but in the manner in which he was to be compensated for doing the legal thing, then he can recover upon a quantum meruit for the reasonable value of his services."

In the *McKnight* case, the mortgage had been declared invalid under the equitable principle that an attorney will not be permitted to take an unconscionable advantage of his client. *McKnight* v. *Gizze*, 107 Conn. 229, 234, 140 A. 116. The invalidity of the plaintiff's agreement for compensation arose from the possible adverse effect his services might have upon a public policy concerned with maintaining the marital status. In the *McKnight* case, the illegality of obtaining the mortgage as a fee could not possibly have had any improper influence upon the services which the attorney was to render. Here, however, the illegality rests on the ground that the contingent character of the fee might govern the course of action pursued by the plaintiff. As pointed out above, the agreement

created an inducement to him to advise, for his own financial gain, the immediate institution of an action for divorce, without giving thought or attention to the possibility of reconciliation. It is the presence of this factor which imparts the illegality. For this reason the entire agreement is tainted. Every objection to permitting a recovery on the express agreement applies with equal force to one sought on quantum meruit. *Baca* v. *Padilla*, supra.

The court found that the services actually rendered by the plaintiff were faithful and diligent. Indeed, he attempted to effect a reconciliation between his client and her husband. He delayed bringing suit for several months. His conduct in these respects, commendable as it was, cannot change the result. The reason for refusing a recovery on quantum meruit is not that public policy has in fact been thwarted but that the agreement provided an inducement to violate it. In taking this position, we have not overlooked several decisions in other jurisdictions holding to the contrary. *Ayres* v. *Lipschutz*, 68 Cal. App. 134, 139, 228 P. 720; *Wiley* v. *Silsbee*, 1 Cal. App. 2d 520, 522, 36 P. 2d 854; *Evans* v. *Hartley*, 57 Ga. App. 598, 602, 196 S. E. 273; *McCurdy* v. *Dillon*, 135 Mich. 678, 682, 98 N. W. 746; *Kelly* v. *Gross*, (Tex. Civ. App.) 4 S. W. 2d 296, 298.

The further claim that illegality was not pleaded is, under the circumstances, without merit. A matter affecting public policy should not be decided on a question of pleading. *Pietsch* v. *Pietsch*, 245 Ill. 454, 459, 92 N. E. 325; see *Beit* v. *Beit*, 135 Conn. 195, 199, 63 A. 2d 161.

We are required, however, to remand the matter for further proceedings. It is not clear from the record whether the agreement for a percentage of alimony was to pay for all of the services which actually were ren-

dered. The plaintiff should have an opportunity to present evidence of the services and expenditures, if any, for which the original undertaking did not provide.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.