143 So.2d 62 (1962)
Francis A. SOBIESKI and Anne Dion Sobieski, Appellants,
v.
Frances MARESCO, Appellee.
No. 62-185.
District Court of Appeal of Florida. Third District.
July 3, 1962.
Joseph J. Gersten, Miami, for appellants.
Albion & Greenfield, Miami, and James C. Shepherd, Coconut Grove, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
The appellants, plaintiffs below, seek review of an interlocutory decree and order, declaring "illegal, void and unenforceable as against public policy" a contract in which the plaintiffs were employed as counsel, upon a contingent fee basis, to represent the appellee in a prior divorce proceeding.
The principal issue presented by this appeal is the validity of a contingent fee agreement in a matrimonial action. Neither counsel, in their excellent briefs, nor this court, by independent research, have discovered any Florida decision directly on this point. It does appear, however, that a number of other jurisdictions have passed on the validity of such an agreement and have almost universally declared such employment contracts void. The chancellor's decree, here under review, is in accord with the majority opinion that attorneys' contingent fee employment contracts in matrimonial actions are against public policy and therefore unenforceable. See: McCarthy v. Santangelo (1951), 137 Conn. 410, 78 A.2d 240; In re Fisher (1958), 15 Ill.2d 139, 153 N.E.2d 832; Dannenberg v. Dannenberg (1940), 151 Kan. 600, 100 P.2d 667; Baskerville v. Baskerville (1956), *63 246 Minn. 496, 75 N.W.2d 762; State ex rel. Nebraska State Bar Ass'n v. Jensen (1960), 171 Neb. 1, 105 N.W.2d 459; In re Smith (1953), 42 Wash.2d 188, 254 P.2d 464; 5 Am.Jur., Attorneys at Law, § 166; 30 A.L.R. 189. There appears to be no good reason why Florida should not join those states which hold such agreements void and unenforceable.
No error is shown on this record in that portion of the order directing the release of certain documents and funds. Therefore, the decree and order under review is hereby affirmed.
Affirmed.