170 So.2d 94 (1964)
Ann SALTER, Appellant,
v.
Harvey J. ST. JEAN, Appellee.
No. 64-517.
District Court of Appeal of Florida. Third District.
December 29, 1964.
Rehearing Denied January 12, 1965.
*95 Arthur D. Frishman, Miami Beach, for appellant.
Joseph Pardo, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
By this appeal the appellant challenges a final decree which upheld a contingent fee contract between her and the appellee, an attorney, relative to the recovery of her separate property in prior litigation.
The appellant contends that this court's opinion in Sobieski v. Maresco, Fla.App. 1962, 143 So.2d 62, declared such agreements to be against public policy and void. In his decree, the chancellor distinguished the Sobieski case as follows:
* * * * * *
"* * * The instant case appears distinguishable from Sobieski * * * and the authorities cited therein, which appear to relate exclusively to awards for alimony or sums in lieu thereof. In the case at bar, the monies recovered for the plaintiff were those which constituted her separate property and it is clearly indicated in the provisions of the employment agreement, * * * that the plaintiff was desirous of seeking the return of her separate property regardless of the outcome of the divorce proceedings, * * *".
* * * * * *
We approve the distinction made by the chancellor and specifically hold that contingent fee agreements in domestic relations litigation are against public policy and unenforceable as they relate to alimony or support or property settlement in lieu thereof, but that same are enforceable when they relate to the return of a wife's separate property. See: Article XI of the Florida Constitution, F.S.A. and Ch. 708, Fla. Stat., F.S.A.
It is further noted from this record that even if the agreement had been void as against public policy, the attorney would be entitled to a fee based on quantum *96 meruit, which services (from the pleadings and the evidence adduced before the chancellor) appear to have been worth at least what was awarded by the final decree. See: Estate of Sylvester v. Tesdell, 195 Iowa 1329, 192 N.W. 442, 30 A.L.R. 180; McCurdy v. Dillon, 135 Mich. 678, 98 N.W. 746; Ownby v. Prisock, (1962) 243 Misc. 203, 138 So.2d 279; 7 Am.Jur.2d, Attorneys at Law, § 229.
Therefore, for the reasons stated, the chancellor's action is hereby affirmed.
Affirmed.
TILLMAN PEARSON, Judge (concurring specially).
I concur on the ground that no reversible error was made to appear because the issue of a reasonable fee upon a theory of quantum meruit was presented and tried. The judgment is fully supported on this theory by the evidence.