STATE OF CONNECTICUT *v.* JOHN D. HEYWARD

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, JS.

Argued January 5—decided February 25, 1965

*Herbert J. Bundock,* public defender, with whom, on the brief, was *G. Sarsfield Ford,* assistant public defender, for the appellant (defendant).

*Otto J. Saur,* state's attorney, with whom, on the brief, were *John F. McGowan* and *Joseph T. Gormley, Jr.,* assistant state's attorneys, for the appellee (state).

ALCORN, J. The defendant appeals from a judgment increasing his original sentence to the state prison. The modification was directed by the sentence review division of the Superior Court. The two grounds of appeal are that the court erred in assuming jurisdiction to impose the increased sentence after the original maximum sentence had expired and in modifying the sentence after an unreasonable lapse of time.

A recital of the record before us will demonstrate that it is more notable for its omissions than for its disclosures. From it we learn that the defendant was, on February 13, 1957, sentenced to be confined in the state prison for not less than five nor more than seven years following a conviction for a violation of § 3962 of the 1949 Revision (Gen-

eral Statutes § 19-246), a section of the Uniform State Narcotic Drug Act. The sentence was reviewed by the sentence review division, which decided, on October 17, 1958, that the sentence should be increased. It therefore directed the court to impose a sentence of not less than five nor more than ten years commencing as of February 13, 1957. This decision was filed with the court on July 13, 1959. On February 27, 1964, the court issued a writ of habeas corpus ad respondendum addressed to the warden of the state prison directing him to produce the defendant, then said to be in his custody, at a session of the court to be held the next day when the modified sentence directed by the review division would be imposed. On February 28, 1964, judgment was rendered, sentencing the defendant to be confined in the state prison for not less than five nor more than ten years commencing as of February 13, 1957. It is from this judgment that the defendant appeals.

The record leaves to surmise the reasons for the interval of nine months, lacking four days, between the date of the review division's decision and the date when its decision was filed with the court, and the interval of over four and a half years between the filing of that decision and the judgment of the court pursuant to it. We are entitled to assume that execution of the original sentence commenced promptly after it was imposed on February 13, 1957, since nothing to the contrary is disclosed. *State* v. *Lenihan,* 151 Conn. 552, 555, 200 A.2d 476. From the writ addressed to the warden of the prison on February 27, 1964, seven years and fourteen days later, we must understand that the defendant was then confined in the prison. Whether he was being held under the 1957 sentence or some

other does not appear. Finally, it appears that, on February 28, 1964, when the court undertook to impose the increased maximum term, the seven-year period fixed as the maximum in the original sentence had then passed.

If an explanation exists for this puzzling chronology, neither the printed record nor the briefs of the parties offer it. We must decide the issue presented on the record. *Cohn* v. *Mt. Zion Baptist Church,* 130 Conn. 362, 366, 34 A.2d 129; *Horvath* v. *Tontini,* 126 Conn. 462, 465, 11 A.2d 846; Maltbie, Conn. App. Proc. § 310. We take cognizance of the fact that the procedure for review of sentences imposed by the Superior Court was established by Public Acts 1957, No. 436. Section 5 of that act made its procedure available to any person imprisoned on its effective date and in whose case sentence was imposed on or after January 1, 1954, provided he filed an application for review of his sentence within thirty days of the effective date of the act. The act became effective on October 1, 1957. Consequently, we infer that the defendant was then in prison and, sometime within thirty days from that date, filed his application for a review of his sentence in order to set in motion the procedures which ensued. Those procedures now appear in General Statutes §§ 51-194—51-197 and are described in *Kohlfuss* v. *Warden,* 149 Conn. 692, 183 A.2d 626. We pointed out in the *Kohlfuss* case (p. 694) that the filing of an application for review does not stay the execution of the sentence and (p. 697) that an increased sentence, imposed as a result of the review, and after the prisoner had begun the execution of his original sentence, does not result in double jeopardy.

In the present case we are not concerned merely

with the effect of delay, as such, on the court's jurisdiction to modify its sentence as in cases such as *Miller* v. *Aderhold,* 288 U.S. 206, 53 S. Ct. 325, 77 L. Ed. 702, *Zerbst* v. *Nahas,* 67 F.2d 742 (10th Cir.), *Mintie* v. *Biddle,* 15 F.2d 931 (8th Cir.), *People ex rel. Smith* v. *Allen,* 155 Ill. 61, 39 N.E. 568, and others collected in annotations in 3 A.L.R. 1003 and 97 A.L.R. 802. We are confronted, rather, by a record which indicates that this defendant had fully executed a sentence which the court then undertook to modify by imposing a longer maximum term. From aught that appears, the defendant, having satisfied the sentence of the law for his crime, then was entitled to be enlarged, a free man. To subject him, instead, to another, and more severe, judgment for the same offense was a denial of due process and placed him again in jeopardy for the crime for which he had already paid the penalty. *Ex parte Lange,* 85 U.S. 163, 176, 21 L. Ed. 872; *State* v. *Carabetta,* 106 Conn. 114, 117, 137 A. 394; see *Kohlfuss* v. *Warden,* supra, 695; *State* v. *Lee,* 65 Conn. 265, 271, 30 A. 1110.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.