FAITH WINICK *v.* BERNARD WINICK

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 9—decided December 30, 1965

*Donald H. Clark,* for the appellant (plaintiff).

*Herbert S. Wolfe,* with whom, on the brief, were *Martin A. Clayman* and *Mark A. Rosenthal,* for the appellee (defendant).

House, J. The plaintiff was granted a divorce from the defendant on March 24, 1961. The judgment included an order that the care, custody and education of two minor children of the parties, subject to the right of reasonable visitation by the defendant, be committed to the plaintiff, and an

order that the defendant pay the sum of $20 a week for the support of each of the children. In 1964 the judgment was modified to provide that the support payments be made through the family relations department of the Superior Court. In September, 1964, the defendant's counsel of record withdrew as the defendant's attorney, and thereafter the defendant was not represented by counsel of record until January 15, 1965, when he appeared with new counsel at the contempt hearing which gave rise to the present appeal. The plaintiff's present counsel formally appeared for the plaintiff in September, 1964, and was still counsel of record for her on January 15, 1965.

In January, 1965, the plaintiff filed with the Superior Court an application for a contempt order, alleging that the defendant was in default of his support payments in the amount of $880 and praying that he be adjudged in contempt of court in refusing to comply with the judgment of the court. The defendant was summoned to appear before the court on January 15, 1965, to show cause why he should not be held in contempt of court for failure to comply with the judgment.

The defendant appeared in response to the order, accompanied by new counsel, who was then appearing for the first time on the defendant's behalf. The arrearage, with costs, was determined to be $894.80. Neither the plaintiff nor her counsel were present at the contempt hearing. During a colloquy between the court and the defendant's counsel, the latter orally moved for termination of the support payments upon payment of the arrearage, stating to the court that the children were presently residing outside the state. The court thereupon from the bench directed that an order be entered, effective

upon the payment of the $894.80, modifying the judgment to provide that further payments of support for the minor children be suspended until they should be returned to the jurisdiction of the court. From this modification of the judgment, the plaintiff has appealed, assigning as error the order of the court in terminating the support for the minor children on the oral motion of defense counsel when the only matter then properly before the court was the application for a contempt order sought by the plaintiff.

Upon the dissolution of any marriage by divorce the parents of any minor child of the marriage are required to maintain the child according to their respective abilities. General Statutes § 46-26. The same section also provides that, upon the complaint of either parent at the time a divorce is decreed or thereafter, the court shall inquire into their pecuniary ability and may make and enforce such decree against either or both of them for the maintenance of the child as it considers just. See *Shrager* v. *Shrager*, 144 Conn. 483, 486, 134 A.2d 69. Each parent, therefore, has a substantial interest in any order which the court may render for the support of a minor child of the marriage.

The practice in our courts is to require written pleas and motions, which are to be filed with the clerk. Practice Book §§ 79, 81; *New Haven Sand Blast Co.* v. *Dreisbach*, 104 Conn. 322, 329, 133 A. 99. Section 381 of the Practice Book expressly provides that an application for modification of an award of support for minor children by any person who is then in arrears under the terms of a support order shall be "filed." Section 380 of the Practice Book requires that in any contested or uncontested family relations matter concerning support every

party who has appeared shall, before the hearing, file with the court and with any opposing party who has appeared sworn statements of income, expenses, assets and liabilities, and pertinent records of employment, earnings, wages and all other income. The record discloses that in this instance the court completely disregarded all of these requirements of proper practice. Its procedure was highly irregular. "Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them." *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213.

In this instance the action of the court went beyond a disregard of the proper rules of practice and procedure. As we have indicated, the plaintiff had a substantial interest in any judgment for the support of the minor children of the parties. Accordingly, she was entitled to notice of any application which the defendant might make for any modification of the existing judgment. "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508, 100 A. 22; *City Trust Co.* v. *Bulkley,* 151 Conn. 598, 601, 201 A.2d 196; *Boltuch* v. *Rainaud,* 137 Conn. 298, 300, 77 A.2d 94. "It is fundamental in proper judicial administration that no matter

shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." *Osterlund* v. *State,* 129 Conn. 591, 596, 30 A.2d 393. This same case is authority for the view that the failure of a court to comply with this requirement of notice is a serious breach of a fundamental requirement of due process of law.

The plaintiff was entitled to notice of, and an opportunity to be heard on, any application by the defendant for modification of the judgment. Accordingly, it was error for the court to modify the judgment on an oral motion and without notice to the plaintiff either specially or, in the usual practice, by the filing with the clerk of a motion as provided by § 381 of the Practice Book with service on counsel for the plaintiff as provided by § 80(2).

There is error; the January 15, 1965 modification of the March 24, 1961 judgment is set aside.

In this opinion the other judges concurred.