RUTH K. GOULD *v.* CHARLES GOULD

COTTER, SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued February 8—decided February 21, 1973

*Paul W. Orth,* for the appellant (defendant).

*Valentino D. Clementino,* for the appellee (plaintiff).

PER CURIAM. The defendant filed a motion requesting modification of an order that he pay to the plaintiff $400 per month as alimony, which was included in a divorce judgment dated January 6, 1955. The request for modification was predicated on a change of circumstances. The plaintiff filed a motion for an allowance of counsel fees "sufficient to cover her costs for the attorney in Massachusetts and in Connecticut." The court held a hearing on both motions but it took no testimony. The defendant filed a financial affidavit with the court as required by § 380 of the Practice Book.[1] The plaintiff, although present at the hearing, did not testify and did not file such a statement as required. See *Winick* v. *Winick,* 153 Conn. 294, 297, 298, 216 A.2d 185. Following the hearing, the court denied the defendant's request for modification of the award for alimony and ordered the defendant to pay $500 as counsel fees to the plaintiff.

The defendant assigns error, inter alia, in the denial of his motion for modification and in the award of counsel fees to the plaintiff in the absence of a financial affidavit from the plaintiff as required by Practice Book § 380 and argues that there is no support in the record "for the court to award fees

[1] "[Practice Book] Sec. 380. ——SWORN STATEMENTS TO BE FILED In any contested or uncontested family relations matter concerning alimony, support or counsel fees, every party who has appeared shall, before the hearing, file, with the court and with any opposing party who has appeared, sworn statements of current income, expenses, assets and liabilities, and pertinent records of employment, gross earnings, gross wages and all other income. . . ."

for the services of attorneys in another state." The printed record does not explain the decision of the court. *State* v. *Heyward,* 152 Conn. 426, 429, 207 A.2d 730. A clear understanding of the facts and conclusions is not presented to this court since the purported facts were offered only in argument to the trial court by counsel for the parties and are not part of the formal record. The case must be decided on the record. *Cohn* v. *Mt. Zion Baptist Church,* 130 Conn. 362, 366, 34 A.2d 129. We cannot, as urged by the parties, resort to matters extraneous to the record. *McCarthy* v. *Santangelo,* 137 Conn. 410, 412, 78 A.2d 240.

Since the record fails to disclose the basis for the decision of the court, we are unable to make a definitive disposition of this controversy so as to afford the defendant a proper appellate review. See *Ross* v. *Hegstrom,* 157 Conn. 403, 408, 254 A.2d 556.

There is error; the July 13, 1972 orders (1) for counsel fees and (2) denying a modification of alimony contained in the January 6, 1955 judgment are set aside and a new trial is ordered.