MARY G. HASBROUCK *v.* RAYMOND S. HASBROUCK
(12022)

PETERS, C. J., HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued February 14—decision released April 2, 1985

*William J. Sweeney, Jr.,* and *D. J. Harry Webb,* with whom, on the brief, was *Thomas P. Griffen,* for the appellant (defendant).

*Jason E. Pearl* and *Walter B. Kozloski,* with whom, on the brief, was *Gary M. Gworek,* for the appellee (plaintiff).

DANNEHY, J. The plaintiff filed a complaint on October 27, 1981, for a dissolution of her marriage with the defendant. On February 15, 1983, after various proceedings and continuances, the trial court, *Spallone, J.,* entered a default order against the defendant when he

failed to appear for trial. The plaintiff gave testimony at a trial on that same day both on her grounds for dissolution and on matters of custody, support and distribution of personal property. On February 15, 1983, a judgment of dissolution of marriage, which distributed the full amount of the defendant's profit sharing plan to the plaintiff, was rendered. The trial court, *Vasington, J.,* subsequently denied a motion by the defendant to open the judgment. The defendant appealed from the trial court's order denying his motion to open the judgment and from the judgment of dissolution. On appeal, his contentions are that the trial court erred in (1) proceeding against him without appropriate notice, (2) awarding to the plaintiff the amount credited to the defendant in his employer's profit sharing plan, and (3) denying his motion to open the judgment of dissolution.

The first issue is factually simple, but vitally important to the defendant. This case was docketed on the limited contested list and assigned for trial on February 15, 1983. On the morning of that day, the attorney for the defendant applied to the court, *M. Hennessey, J.,* for withdrawal of his appearance. See Practice Book § 77. He withdrew his appearance by leave of the court. The trial court thereupon assigned the case for trial on February 18, 1983, at 2 p.m.; Practice Book § 274 (6); and ordered that the defendant be notified of the rescheduled date. The defendant's former attorney did what he was ordered forthwith. He notified the defendant to appear and defend on February 18, 1983, at 2 p.m. The plaintiff and her attorney, on the other hand, sought out another judge, *Spallone, J.,* and, on the afternoon of February 15, 1983, obtained the judgment that is the subject of this appeal.

" 'It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of

general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard.' *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508, 100 A. 22 [1917]; *City Trust Co.* v. *Bulkley,* 151 Conn. 598, 601, 201 A.2d 196 [1964]; *Boltuch* v. *Rainaud,* 137 Conn. 298, 300, 77 A.2d 94 [1950]. 'It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue. *Osterlund* v. *State,* 129 Conn. 591, 596, 30 A.2d 393 [1943].' " *Winick* v. *Winick,* 153 Conn. 294, 298–99, 216 A.2d 185 (1965).

The plaintiff concedes that neither the defendant nor his attorney ever received notice of the trial held in the afternoon of February 15, 1983. She contends, however, that in chambers, and off the record, her attorney notified Judge Spallone in full detail of all of the proceedings had before Judge Hennessey and that Judge Spallone indicated that the case should proceed immediately to judgment.

We can decide the merits of an appeal only on the record presented. *Robertson* v. *Robertson,* 164 Conn. 140, 142, 318 A.2d 106 (1972). A clear account of the facts has not been presented to this court because the represented facts do not appear as part of the formal record; *Gould* v. *Gould,* 164 Conn. 387, 389, 321 A.2d 443 (1973); and we cannot resort to matters extraneous to the record. *McCarthy* v. *Santangelo,* 137 Conn. 410, 412, 78 A.2d 240 (1951). While a true picture may not be presented here because of a conversation that took place in chambers, the case, nevertheless, must be decided on the record. *Cohn* v. *Mt. Zion Baptist Church,* 130 Conn. 362, 366, 34 A.2d 129 (1943).

There has been no stipulated report of the in-chambers conference with Judge Spallone; and nothing appears in the transcript of the February 15, 1983 trial to indicate that Judge Spallone in chambers had ordered the plaintiff to proceed immediately to judgment. On the basis of *Winick,* the defendant should have, at the very least, been given fair notice and reasonable opportunity to be heard. *Winick* v. *Winick,* supra, 299. The failure to provide him with such constitutes "a serious breach of a fundamental requirement of due process of law." Id.; see also *Strohmeyer* v. *Strohmeyer,* 183 Conn. 353, 356, 439 A.2d 367 (1981). In light of this holding, we need not consider the other issues raised by the defendant.

There is error, the judgment is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.