294 FARMINGTON REALTY COMPANY *v.* CFM OF
CONNECTICUT, INC., ET AL.
(8745)

FOTI, LAVERY and LANDAU, Js.

Argued October 3—decision released November 20, 1990

*John Timbers,* for the appellant (named defendant).

*Houston Putnam Lowry,* with whom, on the brief, was *Peter B. Rustin,* for the appellee (plaintiff).

LANDAU, J. The named defendant,[1] CFM of Connecticut, Inc., in this summary process action, appeals from a judgment of possession rendered on December 21, 1989, in the Housing Session of the Superior Court. The defendant's attorney claims that he did not have fair notice of the trial date and that to hold trial in his absence was a violation of due process.[2] The defendant's claim is without merit and we uphold the judgment of the trial court.

The trial court could have found the following facts. The court held a scheduling conference on October 30, 1989, assigning the date of December 21, 1989, for the underlying summary process action. Counsel for both parties participated in the conference. Following the scheduling conference, the plaintiff's attorney sent a confirmation letter to the court. An electronic facsimile of this letter was also transmitted to the defendant's attorney. On December 19, two days before trial, the defendant's attorney discussed the possibility of a continuance with the chief clerk of the court. The plaintiff's attorney did not agree to a continuance, however, and sent the defendant's attorney an electronic facsimile indicating that the summary process action would be heard as scheduled. On December 20, the plaintiff's attorney sent an electronic facsimile of a handwritten message to the defendant's attorney reiterating that he did not agree to a continuance and would proceed

---

[1] Also named as defendants were Taufiquil Chowdhery, a franchisee of CFM of Connecticut, Inc., and John Doe. The court rendered a default judgment against Chowdhery and Doe on December 21, 1989. We will refer in this opinion to CFM, the sole appellant, as the defendant.

[2] The defendant, at oral argument, withdrew its second claim, which sought the assignment of a different judge upon remand of the case.

with the summary process action as scheduled. After speaking with the defendant's attorney on the telephone and personally telling him that he would not agree to a continuance and would be proceeding as scheduled, the plaintiff's attorney sent another electronic facsimile of a typewritten letter again indicating that the trial would proceed on the following day.

The defendant's attorney failed to appear in court on December 21. Because the defendant failed to respond to requests for admissions, the court considered the facts contained therein as admitted pursuant to Practice Book § 239, and rendered a judgment of possession for the plaintiff.

" ' "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." . . . "It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." ' " (Citations omitted.) *Hasbrouck* v. *Hasbrouck,* 195 Conn. 558, 559–60, 489 A.2d 1022 (1985), quoting *Winick* v. *Winick,* 153 Conn. 294, 298–99, 216 A.2d 185 (1965).

In light of the participation of the defendant's counsel at the scheduling conference, and the subsequent communications between the parties, the defendant's attorney had ample notice of the pending proceedings. The defendant's claim is therefore without merit.

The judgment is affirmed.

In this opinion the other judges concurred.