By writ, summons and complaint, dated May 31, 1991, the CT Page 5481 plaintiff, Josephine S. Ewart seeks a dissolution of her marriage to the defendant, Marvin H. Meyer-Morlock.
After a full hearing, the court finds by a preponderance of the credible, relevant and material evidence the facts to be as follows.
The plaintiff, whose maiden name was Josephine Stephanie Field-Ewart, now known as Josephine Stephanie Ewart and the defendant, Marvin H. Meyer-Morlock were intermarried at Acapulco, Mexico on December 2, 1985.
The plaintiff has resided in this state for at least twelve months next preceding the date of the filing of this complaint.
The plaintiff and the defendant have one minor child issue of this marriage, to wit, Marvin Michael Meyer Ewart, born June 9, 1986. No other child has been born to the plaintiff since the date of her marriage.
Neither party is receiving assistance from any governmental agency.
The defendant, although he filed a pro se appearance, did not appear in court at the date assigned for a hearing. He chose instead to notify the Vice-Consul of Mexico, Jose LaGunas of 8 East 41st Street, New York, New York, who appeared at the hearing.
The vice-consul appeared and in remarks to the court asked that this court recognize a previous divorce between the parties granted by the Superior Court of Justice of Mexico City, Federal District, Family Court Number 17. Said divorce decree purported to dissolve the parties' marriage by final divorce decree dated January 20, 1988 and made res judicata on June 15, 1988. Said Mexican decree granted custody of the parties' minor child to the defendant.
The plaintiff claims that she never received notice of the filing of the papers seeking a divorce in Mexico City. She testified that not only did she not receive notice or copies of the petition for divorce, she never received any notice of hearings or judgment in that action. The first time she knew of the purported divorce was when the defendant showed her a copy of the judgment on December 31, 1988, over six months after the divorce became res judicata under Mexican law.
The plaintiff testified to the facts and circumstances as they existed during the divorce proceedings in the Mexican Court.
The full faith and credit clause of the Constitution of the United CT Page 5482 States does not apply to a divorce obtained in a foreign country. Courts of the United States are not required by federal law to give full force and effect to a judgment granted in a foreign motion. Litvaitis v. Litvaitis, 162 Conn. 540, 544, 295 A.2d 519 (1972), Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L. Ed 95; Rosenbaum v. Rosenbaum, 309 N.Y. 371, 130 N.E.2d 902; Caldwell v. Caldwell,298 N.Y. 146, 81 N.E.2d 60; Christopher v. Christopher,198 Ga. 361, 31 S.E.2d 818; 33 Fordham Law Review 449; 32 Un. Chi. L. Rev. 80L. On the other hand, judgments of courts of foreign countries are recognized in the United States because of the comity due to the courts and judgments of one nation from another. Such recognition is granted to foreign judgments with due regard to international duty and convenience, on the one hand, and to the rights of citizens of the United States and others under the protection of its laws, on the other hand. This principle is frequently applied in divorce cases; a decree of divorce granted in one country having jurisdiction to do so will be given full force and effect in another country by comity, not only as a decree determining status, but also with respect to an award of alimony and child support. However, the principle of comity has several important exceptions and qualifications. A decree of divorce will not be recognized by comity where it was obtained by a procedure which denies due process of law in the real sense of the term, or was obtained by fraud, or where the divorce offends the public policy of the state in which recognition is sought, or where the foreign court lacked jurisdiction. 24 Am.Jur.2d, Divorce and Separation, Sec. 964.
The plaintiff testified that she received no notice of the institution of the Mexican divorce action, no notice of any interim hearing, and no notice of the final judgment of divorce. The defendant did not appear in this court and offered no rebuttal to the plaintiff's allegations. This court finds there is clear and convincing evidence that the plaintiff received no notice of the impending Mexican divorce and that the defendant's assertion that his wife had deserted him and their child were in fact untrue and constituted a fraud on the Mexican court.
In Hasbrouck v. Hasbrouck, 195 Conn. 558, 559-60, our Supreme Court stated, "`It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceedings, and given reasonable opportunity to appear and be heard.' Ackerman v. Union New Haven Trust Co., 91 Conn. 500, 508, 100 A. 22 (1917); City Trust Co. v. Buckley, 151 Conn. 598, 601, 201 A.2d 196 (1964); Roltuch v. Rainaud, 137 Conn. 298, 300, 77 A.2d 94 (1950). It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented CT Page 5483 in sufficient time to prepare themselves upon the issue. Osterlund v. State, 129 Conn. 591, 596, 30 A.2d 393 (1943). Winick v. Winick, 153 Conn. 294, 298-99, 216 A.2d 185 (1965)."
Under the facts and circumstances of this case the failure to provide the plaintiff with fair notice and a reasonable opportunity to be heard constitutes "a serious breach of a fundamental requirement of due process of law." Winick v. Winick, supra, 299. See also Strohmeyer v. Strohmeyer, 183 Conn. 353, 356, 439 A.2d 367
(1981).
No judgment may stand where a party thereto has not received notice that a suit has been filed, that a hearing on the issues is to be held and that a judgment has in fact entered. The plaintiff has offered testimony which this court finds credible that no such notices were received by her. The representation of the defendant to the contrary constituted a fraud on the Mexican court.
Under such circumstances this court refuses to grant full faith and credit under the principle of comity to the judgment of the Mexican court because it was obtained without notice to the plaintiff and constituted a fraud on the Mexican court.
Because the court does not recognize the foreign judgment of divorce for the reasons stated above, this court finds that it has jurisdiction to enter judgment in this case.
Accordingly, in addition to the factual finding hereinbefore stated, the court finds that the marriage of the parties has broken down irretrievably and that a decree of dissolution should enter; that the plaintiff should have custody of the minor child, no visitation is ordered until such time as the defendant appears before this court requesting same and presents this court with a sworn financial affidavit in order for the court to make a proper determination of a reasonable order of support and alimony.
It is adjudged that the marriage of the parties is dissolved, custody of the minor child is granted to the plaintiff wife and the defendant is ordered to pay to the plaintiff the nominal sum of $100.00 per week unallocated alimony and support until such time as he presents himself to the court seeking an order for visitation and presents the court with a sworn financial affidavit.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. CT Page 5484