MEMORANDUM OF DECISION

EAGAN, J.
SUMMARY
The plaintiff, Noah James, appeals from an order of the Director of Regulation (the Director) revoking plaintiffs gaming license based on the plaintiffs pattern of neglect in performing his duties.
The appeal is granted. The order was not based on substantial evidence in the record; was arbitrary, capricious and an abuse of discretion; and violated plaintiffs due process rights under the Indian Civil Rights Act (ICRA).
*224 BACKGROUND
The plaintiff was employed by the Mohegan Tribal Gaming Authority (MTGA) at the Mohegan Sun Casino as a count room attendant, where he had been employed since August 2003.
On May 12, 2008, the plaintiff was in the count room unloading Bill Validator Boxes (BVD) which are the boxes in the slot machines that provide safekeeping of the funds wagered until transported to the count room on a trolley by count room attendants. Thereafter, the count room attendant follows established procedures for opening the BVD boxes and accounting for their contents. The BVD boxes remain locked until the count room attendant opens the box to begin the accounting procedure.
On May 12, 2008, the plaintiff did not follow established procedures in that he failed to open one BVD box and to remove the cash from it. Instead, he returned the unopened BVD box to the trolley, with the cash locked inside, where it was again placed on the casino floor. Subsequently, the uncounted BVD box was found on the gaming floor, still locked, and containing $2,985.00, along with 129 tickets of unknown value. The plaintiff told his shift manager that he was having a very bad day when the incident occurred because May 12 was the anniversary of his father’s death.
On July 14, 2008, a show cause hearing was held to determine the plaintiffs suitability to remain licensed based upon his failure to follow department policy and procedures concerning the handling of BVD boxes on May 12, 2008.
After the conclusion of the show cause hearing, the Director, without plaintiffs knowledge, reviewed plaintiffs personnel file. In his decision revoking plaintiffs gaming license, the Director stated that he “took administrative notice” of the plaintiffs “personnel record”, which reflected 5 occurrences between 9/4/03 and 8/31/05 where the plaintiff had failed to pull BVD boxes while on the floor. The Director concluded that: “These occurrences along with this latest occurrence indicate a lack of attention to detail and a negligence that can cost the business money in the long run”. Notice of Decision, p. 5. Accordingly, the Director found: “that the Appellant’s actions have posed a threat to the integrity of gaming activities and that his actions are not the result of one isolated incident but a pattern of neglect in performing his duties.” Id.
STANDARD OF REVIEW
The Standard of Review for this Court in reviewing a decision of the Director is set forth in MTC Section 3—224(j) as follows:
(j) The court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the Agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the Agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
On Appeal, the plaintiff claims that the Director’s decision revoking his gaming license must be reversed under MTC Section 3—224(j) because it was not supported by substantial evidence in the record; was arbitrary, capricious and an abuse of discretion; and violated plaintiffs due process rights under ICRA.
*225 DISCUSSION
A. Due Process Under ICRA And Administrative/judicial Notice
The gravamen of the Director’s decision revoking plaintiffs license was a “pattern” of conduct indicating a lack of attention to detail and negligence. To establish this pattern, the Director relied on five occurrences from September 2003 to August 2005, that were reflected in plaintiffs personnel file, of which the Director took administrative notice. Neither the plaintiffs personnel file, however, nor the documents in it were part of the record on which the Director based his decision. It was only after the case was here on appeal, that the Director sought to “complete” the record by attaching those documents of which he took “judicial notice”. Defendant’s Motion To Complete Record.
It is undisputed that the plaintiff received no notice that the Director intended to consider the material contained in his personnel file. It is also undisputed that the plaintiff was afforded neither the opportunity to cross-examine with regard to this evidence nor to present contradictory or explanatory evidence. The failure to provide plaintiff with notice of the documents to be used against him would appear to be completely inconsistent with this Court’s prior rulings on the basic requirements of due process under ICRA: Pineiro v. Office of the Director of Regulation, 1 G.D.R. 43, 45-46, 2 Am. Tribal Law 386 (1999), quoting Morris v. Mashantucket Pequot Gaming Enterprise, 3 Mash. 94, 97, 2 Mash.Rep. 358 (1998). It further appears to disregard another fundamental requisite of due process under ICRA that an employee have the opportunity to cross-examine the evidence against him and to offer rebuttal evidence. See, Dugan v. Mashantucket Pequot Gaming Enterprise, 1 Mash. 104, 1 Mash.Rep. 142 (1995).
While not addressing the issue directly, the defendant apparently believes the doctrine of administrative/judicial notice “tramps” these due process rights. The plaintiff does not question the existence of the doctrine of administrative/judicial notice. Brief of Plaintiff, p. 8. Instead, the plaintiff disputes that the doctrine is applicable to the present facts and that it can be used in a manner inconsistent with the mandates of due process under ICRA.
 It is well established that courts and administrative agencies may take judicial notice of laws and regulations. Additionally, they may take judicial notice of common knowledge of the type a person acquires in the course of life’s ordinary experiences, as well as matters which are generally accepted by all as true and capable of ready and unquestioned demonstration. Hygeia Distilled Water Co. v. Hygeia Ice Co., 70 Conn. 516, 534, 40 A. 534 (1898); Roden v. Connecticut Co., 113 Conn. 408, 415, 155 A. 721 (1931); Town of West Hartford v. Freedom of Information Commission, 218 Conn. 256, 263, 588 A.2d 1368 (1991); 5 Wigmore, Evidence (2d Ed.) § 2571. In Town of West Hartford, Id., the Connecticut Supreme Court found that the Freedom of Information Commission properly took judicial notice of the fact that, as a general rule, addresses are available in public directories. Similarly, in Masline v. New York, N.H. & H.R. Co., 95 Conn. 702, 708, 112 A. 639 (1921), the Court found that the idea of selling advertising space is common knowledge of which judicial notice can be taken. On the other hand, a Connecticut Appellate Court has ruled that the lower court exceeded the parameters of the judicial notice doctrine when it took notice that a bank holding company is comparable to a failed bank. FDIC v. Napert-Boyer Partnership, 40 Conn.App. 434, 442, 671 A.2d 1303 (1996)
*226 Administrative agencies also are subject to the doctrine of judicial notice. Connecticut General Statutes Section 4-178 codifies the doctrine of judicial notice for administrative agencies as follows:
In contested cases: (1) Any oral or documentary evidence may be received, but the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence; (2) agencies shall give effect to the rules of privilege recognized by law; (3) when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form; (4) documentary evidence may be received in the form of copies or excerpts, if the original is not readily available, and upon request, parties and the agency conducting the proceeding shall be given an opportunity to compare the copy with the original; (5) a party and such agency may conduct cross-examinations required for a full and true disclosure of the facts; (6) notice may be taken of judicially cognizable facts and of generally recognized technical or scientific facts within the agency’s specialized, knowledge; (7) parties shall be notified in a timely ■manner of any material noticed, including any agency memoranda or data, and they shall be afforded, an opportunity to contest the material so noticed; and (8) the agency’s experience, technical competence, and specialized knowledge may be used in evaluation of the evidence. (Emphasis added)
Nevertheless, even when judicial notiee is appropriate, the Connecticut Supreme Court has made it clear that “adjudicative facts” cannot be judicially noticed without affording the parties an opportunity to be heard. Adjudicative facts are those concerning the rights of the parties in the case at hand. Under this principle, the Court in Moore v. Moore, 173 Conn. 120, 122, 376 A.2d 1085 (1977), held that the lower court erred in taking judicial notice of marked economic inflation without informing the parties of its intent to do so during the course of the proceedings.
The Courts of Appeals for the Second, Fifth, Seventh, Ninth, Tenth, and D.C. Circuits similarly have found that where the facts judicially noticed are virtually dispositive of the outcome, the parties must be given advance notice and the opportunity to rebut the noticed facts. Chhetry v. U.S. Dept. of Justice, 490 F.3d 196, 200 (2nd Cir.2007); Rivera-Cruz v. INS, 948 F.2d 962, 965, (5th Cir.1991); Kaczmarczyk v. INS, 933 F.2d 588, 596 (7th Cir.1991); Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992); de la Llana-Castellon v. INS, 16 F.3d 1093, 1099 (10th Cir.1994); Gutierrez-Rogue v. INS, 954 F.2d 769, 773 (D.C.Cir.1992)
In the instant case, the contents of plaintiffs personnel file were beyond question, dispositive of the case. Without the additional 5 occurrences of which the Director took administrative notice, there would be no basis for his conclusion that plaintiff was guilty of “a pattern of neglect in performing his duties”. Notice of Decision, p. 5. The requirement of substantial prejudice from the use of the documents in plaintiffs personnel file has been satisfied. LaPlante v. Office of the Director of Regulation, 2 G.D.R. 72, 75, 5 Am. Tribal Law 316 (2004)
In short, even assuming, arguendo, that the Director could take judicial notice of the contents of plaintiffs personnel file, it was clear error for him to do so without providing the plaintiff with advance notice and the opportunity to challenge the information noticed. The doctrine of judicial/administrative notice cannot be used in a manner that violates plaintiffs due process rights under ICRA.
*227 B. Evidence In The Record
The plaintiff also argues on appeal that the Director’s decision was not supported by substantial evidence in the record and was, therefore, clearly erroneous, arbitrary, capricious and an abuse of discretion, Brief of plaintiff, pp. 19-27. The defendant counters that the Director’s decision was based on substantial evidence in the record when the documents in plaintiffs file, as judicially noticed, are made a part of the administrative record.
The problem with defendant’s reasoning is that the administrative record on which the Director’s decision must be based did not include any of the documents in plaintiff’s personnel file. It was only after the hearing was concluded that the Director decided to review the plaintiffs personnel file and take judicial notice of its contents.
The defendant’s attempt to expand the administrative record to incorporate those documents here on appeal can not change the fact that they were not included in the record on which the Director’s decision must be based. In this regard, the Supreme Court of Connecticut’s decision in O’Hara v. State of Connecticut. 218 Conn. 628, 590 A.2d 948 (1991), is instructive. In O’Hara, the defendant filed a motion in the lower court to have a document included in the appellate record, which was denied. On appeal, the defendant nevertheless included the document in its brief, although it was not a part of the record on appeal. The Connecticut Supreme Court found that “... the document on which the defendant relies is clearly outside the record and that, consequently, it will not be considered on appeal.” O’Hara, at footnote 8.
Indeed, the case law is uniform that an appellate court is limited to matters con-tamed in the record below in considering a case on appeal. Cohn v. Mt. Zion Baptist Church, 130 Conn. 362, 367, 34 A.2d 129 (1943), “It was stated in argument that the true picture is not presented here because so many transactions took place in chambers and by means of informal conferences. This may well be true but the case must be decided on the record.”; Gould v. Gould, 164 Conn. 387, 389, 321 A.2d 443 (1973), “We cannot, as urged by the parties, resort to matters extraneous to the record.”; State v. Gilnite, 202 Conn. 369, 379, 521 A.2d 547 (1987), “A case must be decided on the formal record and a court cannot resort to matters extraneous to the record in making its determination.” See, also Hasbrouck v. Hasbrouck, 195 Conn. 558, 560, 489 A.2d 1022 (1985); McCarthy v. Santangelo, 137 Conn. 410, 412, 78 A.2d 240 (1951)
In this case, the record below shows only a single infraction by the plaintiff.[1] Accordingly, the Director’s decision must stand or fall on the admissible evidence of only a single infraction, which directly contradicts the Director’s finding that the plaintiffs actions “are not the result of one isolated incident but a pattern of neglect in performing his duties”. Notice of Decision, p. 5. It necessarily follows that the Director’s Order revoking plaintiffs license due to a pattern of neglect is not supported by the record and is arbitrary, capricious and an abuse of discretion. CONCLUSION
For the above reasons, plaintiffs appeal is sustained and the decision is reversed.
So ordered.

. Indeed, even if the "noticed” documents had been discussed at the hearing, it should be noted that the most recent infraction was in August 2005, almost three years prior to the incident at issue.