STATE OF CONNECTICUT *v.* ALPHONSO JOHNSON
(10049)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

---

Argued November 2, 1983—decision released March 20, 1984

*Guy W. Wolf III,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellant (state).

*Timothy H. Everett,* legal intern, with whom was *Kenneth Rosenthal,* assistant public defender, for the appellee (defendant).

SPEZIALE, C. J. This is an appeal by the state from the imposition by the trial court of a modified sentence mandated by the sentence review division. Because we find in this case that the sentence review division exceeded its authority in promulgating a rule concerning the propriety of consecutive sentences, we find error, set aside the judgment, and remand to the sentence review division for further proceedings.

On January 16, 1979, the defendant was convicted after a jury trial on a two-count information of, on the

first count, first degree robbery and, on the second count, conspiracy to commit robbery.[1] At the sentencing hearing on February 16, 1979, the trial court, *Reynolds, J.,* sentenced the defendant to a term of not less than ten nor more than twenty years on the first count and not less than ten nor more than twenty years on the second count, to be served consecutively to the sentence on the first count, for a total effective sentence of not less than twenty years nor more than forty years. The trial court orally set forth the reasons for the sentence it imposed:

"I have read the presentence investigation. The testimony, the evidence is fresh in my mind. I cannot overlook the fact that there were guns involved. I cannot overlook the fact that a bank is a public place, to which the public has the right and the privilege to go into it and to transact their business. I cannot overlook the physical location, the geographical location of the bank, in a busy commercial and industrial and residential area. I cannot overlook the area where the apprehension by the State Trooper took place; a car, loaded with four people, two guns in the car, a State Trooper heavily armed, had to draw his gun, the possibility of an exchange of gunfire, buses owned by the Greyhound Bus Company, the Trailways Bus Company, and all sorts of heavy vehicular traffic, trucks travelling at high rates of speed in the area; if one shot had been fired and went astray, killed a bus driver or a truck driver, travelling at a high rate of speed, it would have been a tragedy. I cannot overlook the fact that the conspirator was a 16-year old girl. Had there been a shot fired, had somebody been killed in the bank robbery, she would be facing a period of life imprisonment.

---

[1] The defendant's convictions have been upheld by this court. *State* v. *Johnson,* 188 Conn. 515, 467 A.2d 1237 (1982).

"The facts indicate that it's a crime only short of murder in its severity, and in the opinion of the Court, it has to be dealt with with severity."

The defendant promptly sought review of his sentence from the sentence review division of the Superior Court.[2] On January 25, 1980, the review division ordered a modification of the sentence so that the term on the second count would run concurrently with the term on the first count for a total effective sentence of not less than ten nor more than twenty years. The reasons for modification were stated as follows: "[C]onsecutive sentences are rarely appropriate and should be imposed only in exceptional cases where required for the protection of the public. See ABA Standards Relating to Sentencing, § 3.4. Even in such instances, separate sentences of commitment imposed on a defendant for two or more crimes constituting a single criminal episode should normally run concurrently. Advisory Council of Judges of the National Council on Crime and Delinquency, Model Sentencing Act, § 22. Most authorities agree that New York Penal Law, § 70.25 defines with even more precision the circumstances in which consecutive sentences are inappropriate. The New York statute provides that sentences must run concurrently if 'More than one sentence of imprisonment is imposed on a person for two or more offenses com-

---

[2] General Statutes § 51-195 provides in part that: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division."

mitted through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other.'

"This division has in the past expressed its disapproval of making a sentence for conspiracy to commit a crime run consecutive to a sentence for the commission of the crime itself. Such a sentence violates all of the accepted standards for sentencing and usually results in a sentence which is disproportionate, excessive and inappropriate. The nature of the crimes involved and the past record of the petitioner may well have led the sentencing court to conclude that exceptionally lengthy incarceration was required for the protection of the public. However, a more appropriate approach to this problem would have been for the state to pursue the remedy provided by § 53a-40 of the General Statutes, relating to persistent offenders."

On February 7, 1980, the court, *Ment, J.*, as required, resentenced the defendant in accordance with the decision of the sentence review division[3] and over the objection of the state. See *State* v. *Nardini*, 187 Conn. 109, 127, 445 A.2d 304 (1982). The state then requested and received permission to appeal[4] the resentencing of the defendant.[5]

The state claims that the modification by the sentence review division was an abuse of discretion and there-

___

[3] General Statutes § 51-196 provides in relevant part that: "If the review division orders a different sentence or disposition of the case, the court sitting in any convenient county or circuit shall resentence the defendant or make any other disposition of the case ordered by the review division."

[4] General Statutes § 54-96 provided that: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate session of the superior court, in the same manner and to the same effect as if made by the accused."

[5] The state also filed a writ of error because it was not clear at the time of the filing of the appeal whether the state had a right of appeal. On October 7, 1980, we granted the defendant's motion to stay proceedings on the

fore illegal. We agree not because of the actual result reached by the sentence review division but because of the method by which that result was reached.

"In 1956, in response to a major uprising at the State Prison at Wethersfield, Governor Ribicoff appointed a Prison Study Committee to investigate the reasons for the prisoner unrest and to propose legislation to remedy legitimate prisoner grievances. . . . The study committee found that the major complaint of prisoners was the inequitable distribution of penalties imposed on similar offenders for similar offenses and the unavailability of a practicable review of excessive sentences." *State* v. *Nardini,* 187 Conn. 109, 118, 445 A.2d 304 (1982).

To reduce the disparity of penalties imposed on similar offenders, in 1957 the legislature adopted sentence review legislation. General Statutes § 51-196 provides, in relevant part, that the review division "may order such different sentence or sentences to be imposed as could have been imposed at the time of the imposition of the sentence under review, or may . . . decide that the sentence or commitment under review should stand." But the sentence review division is further bound by § 942 of the Practice Book which provides that: "The review division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of *the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purposes for which the sentence was intended."* (Emphasis added.)

state's writ of error. In *State* v. *Nardini,* 187 Conn. 109, 445 A.2d 304 (1982), we held that the state could appeal the resentencing judgment. In light of the resolution of this appeal, the state's writ of error is moot. Cf. *Wrinn* v. *Dunleavy,* 186 Conn. 125, 131, 440 A.2d 261 (1982).

The record does not show that the review division applied any of the factors set forth in Practice Book § 942, in its consideration of whether the sentence was "inappropriate or disproportionate." The resentence imposed is itself not invalid or illegal because the sentence as modified by the review division "could have been imposed at the time of the imposition of the sentence under review." General Statutes § 51-196.[6] The rationale given by the review division, however, exceeds the scope of review mandated by Practice Book § 942. The review division set out its own rule of policy rather than applying the factors enunciated by the Practice Book. The review division stated that it had "in the past expressed its disapproval of making a sentence for conspiracy to commit a crime run consecutive to a sentence for the commission of the crime itself." It then applied its blanket policy rule without regard to the facts of this particular case.

It is proper for the sentence review division to articulate policies that inform its decisions. Indeed, the requirement that the review division's "reasons for such decision shall be stated"; General Statutes § 51-196; is designed to enlighten sentencing judges as to what elements are considered significant by their fellow sentencing judges for similar offenders and offenses. See First Interim Report of the Governor's Prison Study Committee, A Procedure for Reviewing Sentences, November 19, 1956, reprinted in Judicial and Governmental Functions, Joint Standing Commit-

---

[6] General Statutes § 53a-37 provides in relevant part that: "When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such a manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed."

tee Hearings, Pt. 2, 1957 Sess., pp. 386–87. But it is not appropriate to have guiding principles applied formalistically and rigidly without recognition of the specific facts of a particular criminal action. Such principles may not exist in a vacuum; in addition to general policy considerations, the facts and circumstances of each case must be considered. The sentence review division has the obligation to take into account the circumstances that the trial court relied on in imposing the sentence.

"The purpose and effect of the Sentence Review Act is to afford a convicted person a limited appeal for reconsideration of his sentence." *State* v. *Nardini,* 187 Conn. 109, 121, 445 A.2d 304 (1982). While the sentence review division serves salutary objectives, it does not have unfettered discretion. Its review must be within the bounds prescribed by law. Thus, we must remand this case to the sentence review division for a determination of whether the sentences ordered initially by the trial court to be served consecutively on the two counts "should be modified because [they are] inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purposes for which the sentence[s] [were] intended." Practice Book § 942. After proper consideration of these factors the review division "may order such different sentence or sentences to be imposed as could have been imposed at the time of the imposition of the sentence under review, or may . . . decide that the sentence or commitment under review should stand." General Statutes § 51-196.

"The sentence review division is an arm of the Superior Court. When it issues a memorandum of decision ordering a modification of sentence such action is the operative judicial act of the Superior Court. *Jaquith*

v. *Revson,* 159 Conn. 427, 431, 270 A.2d 559 (1970); *Grzys* v. *Connecticut Co.,* 123 Conn. 605, 607n., 198 A. 259 (1938). . . . The trial court which imposes the modified sentence has no appellate authority and therefore is not authorized to review the action of the sentence review division. . . . Furthermore, because it is bound by the previous action; *Maloney* v. *Pac,* [183 Conn. 313, 439 A.2d 349 (1981)]; it lacks any independent discretionary authority to impose its own sentence. If the modified sentence is illegal in any respect the appropriate remedy for correcting such illegality is by appeal to this court; *State* v. *Heyward,* [152 Conn. 426, 207 A.2d 730 (1965)]; . . . or by writ of habeas corpus. *State* v. *Kyles,* 169 Conn. 438, 443, 363 A.2d 97 (1975)." *State* v. *Nardini,* supra, 127–28. Although the trial court had no authority but to impose the sentence ordered by the sentence review division, the modification of sentence by the review division was an abuse of discretion and therefore illegal.

There is error, the judgment is set aside and the case is remanded to the sentence review division for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.