[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATE OF CONNECTICUT v. DAVID GORMAN Date of Sentence June 22, 1990 Date of Application June 22, 1990 Date Application Filed June 22, 1990 Dates of Decision April 23, 1991
Application for review of sentence imposed by the Superior Court Judicial District of New Haven at New Haven, Docket No. CR 6-320646.
Andrew Halpern, Esq. Attorney for Petitioner
Robert O'Brien, Esq. Assistant State's
Attorney for the State
BY THE DIVISION
The petitioner was convicted after a trial by jury of Robbery 2nd in violation of C.G.S. 53a-135, Larceny 2nd [Accessory] in violation of C.G.S. 53-8, and 53-123; and Assault of a victim 60 or over 3rd [Accessory]. He received a sentence of 16 years consecutive to the time he had remaining at the moment of sentencing.
The crime before the division is a nasty mugging of a 75 year old restaurant owner who was returning home from work with the day's receipts from his business. During the mugging the victim was punched in the face and thrown to the ground sustaining injuries to his lips and face.
At the hearing petitioner's counsel admitted that his client had a substantial conviction record with thirty-three to his discredit, of which over one-half were felonies. Undaunted by this counsel argued that based upon the case of State v. Johnson, 192 Conn. 471 [1984] that to sentence the petitioner to consecutive time for 3 crimes that arose out of the same act is a disproportionate sentence. It was counsel's position that the only proper sentence that the court could administer was a sentence that was concurrent to each other. Counsel argued that if the crimes were separate and distinct only then could the court impose consecutive time.
In reviewing the transcript of the sentencing hearing the court heard a similar argument advanced by counsel with the added twist that to impose consecutive time would constitute CT Page 5489 "double jeopardy".
By asking us to review the courts sentencing as disproportionate counsel properly addresses the ruling in Johnson, supra. In reviewing the horrible facts that constituted the crimes charged only robbery and larceny lend somewhat to petitioner's argument. The third charge of assault of a victim over 60 has the operative element of a victim over a statutorily defined age and protected class. To deny the ability to impose consecutive time for a conviction of the assault over 60 would render the purpose of the statute a nullity.
Left for us to examine is when a person is charged with two separate statutory offenses, and the acts of the accused are divisible but part of the same transaction and consecutive time is imposed. In this matter the offenses the petitioner was convicted of, even though they arose out of the same transaction each requires proof of an element that the other does not. We know of no legislative prohibition to impose consecutive sentences and decline to establish such a prohibition.
A review of the sentencing transcript shows a judge who weighed the criminal history of the petitioner along with his inability to sustain employment and concluded that his prognosis to remain out of the criminal sphere negligible. The judge noted that the petitioner was a person who must be taken off the street to protect society and the court specifically imposed punishment for societies protection.
In reviewing the sentence imposed the division finds that it is neither disproportionate nor inappropriate under the factual circumstances. A consecutive sentence was merited. The sentence is affirmed.
NORKO, J. KLACZAK, J. BARRY, J.