[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Patricia Buck-Wolf, Defence Counsel, for Petitioner
Robert O'Brien, Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury the petitioner was convicted of kidnapping in the first degree in violation of Connecticut General Statutes Section 53a-92(a)(2)(A); assault in the second degree in violation of Connecticut General Statutes Section 53a-60(a)(2) and attempted sexual assault in the first degree in violation of Connecticut General Statutes Section 53a-49(a)(2);53a-70(a).
On the charge of assault in the second degree petitioner was committed to the custody of the commissioner of corrections for a term of five years. On the attempted sexual assault in the first degree a consecutive ten year sentence was imposed and on the kidnapping in the first degree a consecutive sentence of twenty years execution suspended after ten years was imposed. Probation for five years with specific terms was also imposed.
The total effective sentence was thirty-five years execution suspended after twenty-five years and five years probation with specific conditions.
A summary of the facts underlying petitioner's conviction indicates that the female victim was walking on a public street in New Haven at 2:40 a.m. when she was accosted by petitioner who exited his vehicle placed a knife to her throat and forced her into his vehicle. As he drove away, petitioner held the knife on the victim and began poking her with it. After a short drive petitioner parked the vehicle and demanded that the victim have sex with him. The victim began to scream and attempted to escape which she succeeded in doing. She attempted to run away but petitioner caught her and placing his knife to the victim's throat he forced her back into the vehicle. At this time police arrived but petitioner attempted to conceal the victim by holding her down in the vehicle while continuing to poke her with his knife. The victim, however, continued to scream and petitioner left the vehicle and started running. He was, however, captured by the police and identified by the victim. The victim suffered a stab wound to her leg.
The attorney for petitioner argued that the imposition of consecutive sentences, under the circumstances here was improper and resulted in a disproportionately unfair sentence. Citing State v. Huey, 199 Conn. 121, 131 (1986), the attorney argued that the sentence imposed required only the minimum amount of custody or confinement which was consistent with the protection of the public. She also cited State v. Johnson,192 Conn. 471 (1989) in support of the proposition that consecutive CT Page 2304 sentences are rarely appropriate. The attorney also stated that petitioner was the product of a troubled childhood and that he had a drug problem which he overcame prior to his conviction. It was also pointed out that the victim here was not severely injured.
The consecutive sentences, it is was claimed were counterproductive in that they kept petitioner from his family and impeded his rehabilitation.
Speaking on his own behalf, petitioner disputed the facts upon which his conviction was based. He argued that the whole thing was blown out of proportion in court. He disputed the jury verdict and argued that he did not deserve the time.
The State's Attorney argued against reduction He stressed the seriousness of the charge and petitioner's past criminal record. He also mentioned that the offenses were separate making consecutive sentences appropriate.
In imposing sentence the judge remarked that the crimes were in fact separate and distinct and that the kidnapping here involved an actual abduction rather than a simple restraint and that violence was involved resulting in a physical injury to the victim. The judge also remarked on petitioner's past serious criminal record which included a sexual assault.
The judge who heard the evidence in the case and who had an opportunity to observe petitioner at close hand during the trial concluded that petitioner was a dangerous person. There is nothing to indicate that this conclusion should be disturbed.
Considering all of the factors bearing on the issue it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense the character of petitioner and the need to protect the public interest. Modification of the sentence is not warranted. Conn. Practice Book Section 942.
The sentence is affirmed.
JOSEPH J. PURTILL, JUDGE
LAWRENCE C. KLACZAK, JUDGE
RAYMOND R. NORKO, JUDGE
Purtill, J., Klaczak, J. and Norko, J. participated in the CT Page 2305 decision.