[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Edward J. Peters, Esq., Defense Counsel, for petitioner.
Timothy Liston, Esq., Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
BY THE DIVISION CT Page 2535
After trial by jury petitioner was convicted of criminal attempt to commit sexual assault in the first degree in violation of Connecticut General Statutes Section 53a-70 and53a-49(a)(2); unlawful restraint in the second degree in violation of Connecticut General Statutes Section 53a-96(a); unlawful restraint in the first degree in violation of Connecticut General Statutes Section 53a-95(a) and being a persistent felony offender in violation of Connecticut General Statutes Section 53a-40(b).
On the first count a sentence of twenty years was imposed. The sentence on the second count was one year and on the third count a sentence of ten years was imposed. All sentences were to run concurrently for a net effective sentence of twenty years.
The facts underlying the conviction here indicate that the principal victim, a resident in the same building within which petitioner lived, was asleep in her bed when petitioner entered her bedroom and woke her. Upon being informed that another resident was not present petitioner got into bed with the woman, pinned her arm down and covered her mouth and nose, removed part of her clothing, touched her intimate parts, and then tried to get her pants down. At this point the victim's female roommate entered the room after hearing the victim's screams. At this point the petitioner leaped up and struggled with the roommate. When petitioner fled the house the women locked themselves in the room and asked a neighbor to call the police.
The attorney for petitioner pointed out that no actual sexual assault took place and no physical injuries were inflicted on the victim. He argued that the sentence imposed was greater than sentences imposed for other similar convictions. He claimed that the sentence was out of line for the crime for which petitioner has been convicted.
Speaking on his own behalf petitioner claimed that he was innocent and that he would be vindicated on appeal. CT Page 2536
In arguing against any reduction the state's attorney stated that the only reason a sexual assault in the first degree did not occur was because the victim's roommate happened to come into the room. The attorney also pointed out that petitioner had previously been convicted of sexual assault in the first degree and was on probation for the offense when the crime took place.
In imposing sentence the judge remarked on the seriousness of the crime and its effect on the victim. He also mentioned petitioner's prior criminal record which included conviction for an offense very similar to the present crime and that petitioner was on probation at the time of the offense.
At the time of the sentencing the court was faced with the problem of imposing sentence for an egregious offense, the type of crime which has a profound effect on the lives of its victims. It was petitioner's second conviction for an offense of this nature. The sentence review division has the obligation to take into account the circumstances that the trial judge relied on in imposing sentence. State v. Johnson,192 Conn. 471.
Considering all of the factors involved it cannot be found that the sentence is inappropriate or disproportionate in light of its nature of the offense, the character of the offender and the protection of the public interest. Practice Book Section 942.
The sentence is affirmed.
PURTILL, JUDGE
KLACZAK, JUDGE
STANLEY, JUDGE
Purtill, J., Klaczak, J., and Stanley, J. participated in this decision.