[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
William Holden, Esq., Defense Counsel, for Petitioner.
Jonathan Benedict, Esq., Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
BY THE DIVISION CT Page 2543
Upon a plea of guilty entered part way through a jury trial, petitioner was convicted of one count of violation of the state dependency producing drug law by having in his possession with intent to sell the narcotic substance cocaine and at the time of such violation he was not a drug dependent person in violation of Connecticut General Statutes Section 21a-278(b).
As a result of such conviction a sentence of fifteen years, execution suspended after twelve years with five years probation was imposed.
The facts underlying the sentence indicate that police officers investigating narcotics trafficking observed petitioner attempting to hide a plastic bag containing what proved to be twenty-seven plastic bags of crack cocaine.
In arguing for a reduction petitioner's attorney stated that his client did not have a bad criminal record at the time of sentencing and at the time of the offense he was a drug user. He stated that petitioner was not a cause of the drug problem in the community. He was a "mule," a low level street vendor. The attorney hypothesized that the sentencing judge had been frustrated by the infusion of crack cocaine into the community and that he overreacted and imposed a disproportionately harsh sentence on petitioner.
Speaking on his own behalf petitioner indicated that he would like a reduction in sentence.
The state's attorney in arguing against reduction stressed that the stiff sentence may have been intended to send a message to the community. He also stressed the number of bags in petitioner's possession ready for street sale.
The sentence imposed here was a stiff sentence and in imposing it the judge said he considered it to be such. The question before the division is not whether it is "stiff" but whether it is disproportionate or excessive under the circumstances. State v. Johnson, 192 Conn. 471, 478 (1984) Practice Book Section 942.
At the time of the offense petitioner was twenty-seven years of age with minimal employment history. He was then on probation for a narcotics violation. The facts surrounding his conviction indicates that he was actively engaged in the sale of narcotics for his own profit.
The threat to the public from the sale of narcotics is known and need not be repeated. The legislature has CT Page 2544 recognized the situation and has prescribed penalties designed to dissuade individuals from trafficking in such substances. See Harmelin v. Michigan, 59LW 4839 (1991) where the United States Supreme Court upheld a sentence of life in prison without parole for a first offense of possession of cocaine.
Although the sentence imposed here was at the higher end of the range, it was well below the maximum prescribed. Considering all of the factors applicable it cannot be found that the sentence was inappropriate or disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent and other purposes for which the sentence was imposed. Practice Book Section 942.
The sentence is affirmed.
PURTILL, JUDGE
KLACZAK, JUDGE
STANLEY, JUDGE
Purtill, J., Klaczak, J., and Stanley, J. participated in this decision.