[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 19, 1993 Date of Application January 20, 1993 Date Application Filed January 27, 1993 Date of Decision September 28, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New London, Docket No. CR 10-199208 and CR 10-206256;
Bruce A. Sturman, Esq., Defense counsel, for petitioner
 Lawrence Tytla, Esq., Assistant State's Attorney, for the State
Sentence Affirmed.
BY THE DIVISION:
In this case the petitioner in Docket No. CR 10-199208 was convicted after a trial by jury of Criminal Attempt to Commit Murder (Connecticut General Statutes Section 53a-49-(a)(2) and53a-54a; Assault, 1st Degree (Connecticut General Statutes Section53a-59(a)(1). In Docket No. CR 10-206256, he was convicted of Criminal Mischief, 3rd degree (Connecticut General Statutes Section 53a-117(a)(1).
He was sentenced to twenty years on the count of Attempted murder, twenty years on the count of Assault, 1st degree, and 6 months on the charge of Criminal Mischief. All sentences were imposed consecutively for a total effective sentence of 40 years, 6 months.
From the evidence presented, the factual basis for the convictions is as follows:
On July 30, 1991, at approximately 5:20 A.M. two police officers from the New London Police Department attempted to arrest Gary Jones for several outstanding warrants, including one for Robbery, 1st degree. The petitioner ran from the officers who were in close pursuit and ran into an apartment. At the doorway to the apartment the petitioner and one of the officers came face to face at which point the petitioner shot the officer three times. One bullet passed through his thigh and another through his wrist and hand. The third bullet grazed his other wrist. Although temporarily paralyzed from one of the bullets, the officer was able to return to light duty after three months and to active duty after six months. He still has some numbness in one leg and hand. The foregoing is the basis for the convictions for attempted murder and assault. The criminal mischief charge arose out of damage the petitioner did to a cell in the courthouse lock-up when he was there for a pre-trial hearing.
Although only eighteen years old at the time of sentencing, the petitioner as an adult had been convicted of Accessory to Possession of Cocaine and was on probation from that conviction (four years, execution suspended, with probation for three years). In addition to the warrant charging the petitioner with Robbery 1st degree, Burglary, 1st degree and Risk of Injury, which the police officers were trying to execute, a warrant had also been issued charging him with Violation of Probation for failing to abide with CT Page 9891 conditions of probation.
The petitioner asks the Division to run the two twenty year sentences concurrently rather than consecutively. He argues that since both crimes arise out of the same transaction (the shooting of Officer Suarez) it is inappropriate to impose consecutive sentences.
While the Review Division does have the authority to correct an illegal sentence, it is not illegal to impose consecutive sentences for Assault and Attempted murder arising out of the same incident. State v. Sharpe, 195 Conn. 651 (1985). State v. Gilchrist, 24 Conn. App. 624 (1991).
The Review Division can only modify a legal sentence under the criteria of Connecticut Practice Book Section 942 State v. Johnson,192 Conn. 471 (1984).
In this case the nature of the offense is most heinous. The attempted murder of a police officer where he was shot multiple times make the serious nature of the offense self-evident. The offender's character is that of a dangerous person as can be evidenced by his adult criminal record and, in the words of the pre-sentence report, he "has neither any respect nor regard for authority -." The need to protect the public is obvious and the sentencing court noted that the possibility of rehabilitation is low, while the risk of recidivism is high.
The callous attempt to kill a police officer in the line of duty speaks to the deterrent, and denunciatory purposes for a sentence.
The Division concludes that the sentence imposed was neither inappropriate nor disproportionate. Indeed, the sentence was very much appropriate to the standard of review utilized by the Division. It is therefore affirmed.
__________, J.
__________, J.
__________, J.
Klaczak, Norko, and Miano, J.s, participated in this decision. CT Page 9892