[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Date of Sentence May 6, 1994 Date of Application May 6, 1994 Date Application Filed May 6, 1994 Date of Decision July 25, 1995
Application for review of sentence imposed by the Superior Court for the Judicial District of New Haven. Docket No. CR6-398306
Christopher DeMarco, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State.
The petitioner was tried by a jury and found guilty of robbery in the 1st degree in violation of C.G.S. § 53a-134(a)(2), two counts of conspiracy to commit robbery in the 1st degree in violation of C.G.S. § 53a-134(a)(2), conspiracy to commit larceny in the 2nd degree in violation of C.G.S. § 53a-123(a)(1), and possession of a pistol without a permit in violation of C.G.S. § 29-35 and 29-37. He was sentenced to 16 years suspended after 11 on the first count, 10 years each concurrent with each other and count one on the second two counts, 5 years concurrent with count one on the fourth and fifth counts for a total effective sentence of 16 years suspended after 11 and probation for 4 years with conditions.
Facts show the 23 year old petitioner, his 17 year old brother and two juveniles participated in a crime spree involving two armed robberies and an auto theft. They used a stolen Jeep Cherokee to facilitate their criminal activities. The first robbery was perpetrated against a 29 year old student who was returning from home to school. The second robbery occurred the same morning and involved a 48 year old paper delivery person who was emptying a newspaper vending machine when he was robbed. He managed to jot down the license number of the Jeep and the police gave chase after spotting the suspect vehicle. The chase ended when the Jeep slammed into a pole. Three of the four occupants were apprehended by the police and one juvenile managed to escape. Found in the vehicle was a hockey mask, an operable semi-automatic pistol and various items belonging to the victims.
The petitioner entered guilty pleas and was sentenced as stated. CT Page 9221
The petitioner's criminal record consists of convictions for receiving stolen property, possession of marijuana, disorderly conduct, harassing communication, simple assault, damage to property and resisting an officer, all from New Jersey.
Defense counsel emphasized the fact that all the charges in the instant case stemmed from offenses committed within hours of each other. We are urged to reduce the sentence because petitioner was given a stiffer sentence that two of the others, one of whom was his brother. Relying on State v. Johnson, 192 Conn. 471
(1984), counsel claims this case "fits squarely" with that case because his client was given an unreasonably high sentence when compared to the co-defendants. Although the sentencing court referred to the petitioner as the leader of the gang, petitioner says he was merely asked to go along with the others. No one was hurt and counsel suggested a sentence of six years to serve would be more appropriate, twice the sentence his brother received.
Counsel for the state reminds the division that the pleas were entered by the petitioner under an agreement that there would be a cap of 16 years suspended after 12 with a right to argue for less. The state feels the sentence was fair and proportionate since petitioner was older than the others and because he was the one who supplied and brandished the handgun in the second robbery. And although it was relatively minor, the petitioner did have a prior record out of New Jersey.
In addressing the Division, the petitioner asked for the opportunity to give back to society, an impossibility so long as he is incarcerated. He expressed the feeling that he had done sufficient time already.
We begin by noting that the Johnson case, supra, found error in the division's application of a policy not contained within the provisions of Prac.Bk. § 942. The court pointed that the Division is mandated to follow § 942 in its review in order to avoid disparity in sentences imposed for the same offense. In the instant case, we must consider whether petitioner's sentence was disproportionate when the "nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purposes" are examined. Prac.Bk. § 942. We do not incorporate policies or criteria not enunciated in Prac.Bk. § 942. CT Page 9222
Additionally, comparisons of sentences imposed on co-defendants are difficult to assess if the prior criminal records of these co-defendants is not known to the Division. What is known is that the sentencing court determined that the petitioner "probably had the leadership role on what went on here and what went on was major league." Petitioner's activities as leader of the group is supported by the fact that his co-defendants consisted of his younger brother and two juveniles. Moreover, the fact that the weapon was provided and brandished by the petitioner serves to demonstrate that the nature of the offense, deterrence, and the protection of the public require a more severe sentence than his younger co-defendants.
We conclude that the sentence imposed was not disproportionate or excessive under all the factors enumerated in § 942.
Sentence affirmed.
Stanley, J.
Purtill, J.
Norko, J.
Stanley, J., Purtill, J. and Norko, J. participated in this decision.