[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 28, 1996 Date of Application September 3, 1996 Date Application Filed September 23, 1996 Date of Decision August 26, 1997
After a jury trial Philip M. Burke, petitioner, was convicted in the First Count of Reckless Endangerment in the First Degree a violation of Conn. General Statute § 53a-63 and in the Second Count Criminal Mischief in the First Degree a violation of Conn. General Statute § 53a-115(a)(1).
The trial court imposed a sentence of 1 year to serve and a $2,000 fine on Count One and a sentence of 5 years execution suspended after 4 1/2 years incarceration and a fine of $5,000 on Count Two. The sentences were to run consecutively for a total effective sentence of 6 years execution suspended after 4 1/2 years incarceration to be followed by 5 years probation and $7,000 fine.
At the hearing the petitioner elected to proceed pro se. The petitioner made one claim which was, in effect, challenging the imposition of the sentences consecutively.
The petitioner cites State v. Johnson, 192 Conn. 471, and claims that the case holds that a sentencing judge shall not impose consecutive sentences for offenses arising out of a single CT Page 8924 transaction.
The petitioner's reliance on State v. Johnson is misplaced. In State v. Johnson, the defendant was convicted of Robbery in the First Degree and Conspiracy to Commit Robbery in the First Degree. The trial court imposed a sentence on each count to beconsecutive to the other. The Sentence Review Division ordered a modification of the sentence to concurrent sentences and the Division indicated its disapproval of making a sentence for conspiracy to commit a crime run consecutive to a sentence for the commission of the crime itself, supra, 475. The state appealed the Sentence Review decision to the Supreme Court which held that the Sentence Review Division in ordering the modification of sentence did not apply the factors set forth in Practice Book Section 942 in its consideration of whether the sentence was "inappropriate or disproportionate." The court further held that the rationale given by the Review Division exceeded the scope of review mandated by Practice Book Section 942. The Supreme Court, accordingly, held the modification of sentence by the Review Division was an abuse of discretion and illegal. The matter was remanded to the Sentence Review Division for further proceedings.
State v. Johnson, is a case not in point with the matter before the Division. The defendant was convicted of two separate and distinct offenses. There exists no prohibition to the imposition of consecutive sentences under the circumstances of this case.
In the instant matter, the state's attorney emphasized the bizarre and serious nature of the facts of the case and related that when on I-95 in Waterford, the petitioner from his passing vehicle fired three shots from an assault rifle into an occupied vehicle on the interstate, thereby causing damage to the vehicle and endangering the lives of the occupants.
The court in imposing sentence considered the serious nature of the charges and indicated:
 "I too can't imagine what happened, the terror that must have been put into these people driving down the highway on an early morning, and then, somebody coming alongside them and firing a high-powered rifle, several shots at them. I can't comprehend the terror it must have placed in those people, nor can I comprehend why anyone should do this."
CT Page 8925
The court then imposed what was in the nature of a consecutive sentence.
Pursuant to Conn. Practice Book § 942 the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deferent, rehabilitative, isolative, and denunciatory purpose for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Conn. Practice Book § 942 and Conn. General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Conn. Practice Book § 942.
The sentence is imposed was neither inappropriate or disproportionate.
This sentence is AFFIRMED.
Klaczak, J.
Norko, J.
Miano, J.